UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JANET LAKEMAN,

    Plaintiff,

v.

PARTNERS HEALTHCARE
SYSTEM, INC.,

    Defendant.

05-11496 RCL

RECEIPT # _____
AMOUNT $ _____
SUMMONS ISSUED ___
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. _____
DATE _____

MAGISTRATE JUDGE _____

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C., §§ 1331 and 1441, Defendant, Partners Healthcare System, Inc. ("Defendant" or "Partners"), hereby removes this action from the Suffolk County Superior Court of the Commonwealth of Massachusetts, to this Court. As grounds for this removal, Partners states as follows:

1.     The Plaintiff, Janet Lakeman ("Plaintiff" or "Lakeman") commenced this action against Partners in the Suffolk County Superior Court of the Commonwealth of Massachusetts on or about May 16, 2005. Copies of the Summons, Complaint, Civil Action Cover Sheet, and Tracking Order were served upon Partners on June 17, 2005, and are attached hereto, collectively, as Exhibit 1. Thirty days have not elapsed since the Defendant was served with the Summons and Complaint.

2.     The Complaint alleges six causes of action against Partners, *viz.*: Wrongful Termination/Violation of G.L. c. 152, § 75B (Count I); Wrongful Termination/Retaliation for Exercise of Legally Enforceable Rights (Counts II and III); Violation of Massachusetts Civil Rights Act, G.L. c. 12, § 11I (Count IV); Deceit/Fraud (Count V); and Negligent

1

Misrepresentation (Count VI).  See Complaint (Ex. 1).

3.  As grounds for Count II of the Complaint, the Plaintiff alleges that she has taken leave pursuant to the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2611 et seq., on four separate occasions.  Complaint, ¶ 6.[1]  Among other things, the Plaintiff alleges that "[o]n or about August 14, 2003, she exercised her right to Family and Medical Leave for the purpose of undergoing surgery to repair her left Achilles [sic] tendon," and "returned to work . . . on or about November 3, 2003."  Id., ¶¶ 11, 13.  The Complaint further alleges that on or about July 14, 2004, the Plaintiff received notice that her employment was terminated, and that "Defendant Partners discharged [her] in retaliation for exercising her rights under FMLA."  Id., ¶¶ 25, 32.

4.  Count II of the Complaint explicitly cites to and is founded on FMLA, a federal statute.  As such, the claim arises under federal law, providing a basis for removal pursuant to 28 U.S.C. § 1441.

5.  Even if the Complaint did not explicitly set forth a federal cause of action, "where a claim under state law implicates an area of federal law for which Congress intended 'a particularly powerful preemptive sweep,' the cause is deemed federal."  In re: Pharmaceutical Indus. Avg. Wholesale Price Litigation, 309 F. Supp. 2d 170 (D. Mass. 2004) (quoting Danca v. Private Health Care Sys., Inc., 185 F. 3d 1, 4 (1st Cir. 1999) (denying motion to remand where ERISA completely preempted state law claims).

6.  Count II of the Complaint alleges that the Defendant retaliated against the Plaintiff for having exercised her rights under FMLA.  Massachusetts state and federal courts have held that FMLA's detailed comprehensive enforcement provisions are the exclusive remedies for violation of FMLA, and completely preempt any state common law causes of

---

[1] The Complaint actually cites to 29 U.S.C. 28.

action. See, e.g., Desrochers v. Hilton Hotels Corp., 28 F. Supp. 2d 693, 695 (D. Mass. 1998) (dismissing Massachusetts state civil rights claim on grounds of preemption where FMLA provides exclusive remedy); Hansen v. J.L. Hammett Int'l., Inc., 10 Mass. L. Rep. 607, *14-15 (1999) (plaintiff cannot maintain a common law claim for wrongful termination in violation of public policy where Section 2617 of FMLA provides the exclusive remedy).

7. Further, under the artful pleading doctrine, courts are empowered to "look beneath the face of the complaint to divine the underlying nature of a claim, to determine whether the plaintiff has sought to defeat removal by asserting a federal claim under state-law colors, and to act accordingly." BIW Deceived v. Local S6, 132 F. 3d 824, 832 (1st Cir. 1997). Here, the Plaintiff cannot defeat federal jurisdiction by characterizing her FMLA claim as a state law claim for wrongful discharge.

WHEREFORE, the Defendant respectfully removes this action from the Suffolk County Superior Court of the Commonwealth of Massachusetts.

Respectfully submitted,

PARTNERS HEALTHCARE SYSTEM, INC.,

By its Attorneys,

PRINCE, LOBEL, GLOVSKY & TYE LLP

By _____
Jeffrey A. Dretler, BBO# 558953
585 Commercial Street
Boston, MA  02109
(617) 456-8000

## CERTIFICATE OF SERVICE

    I, Jeffrey A. Dretler, attorney for the Defendant in the above-captioned matter, hereby certify that on this 14'r day of July, 2005, I served the within document upon all parties of record by delivering, via first class mail, postage pre-paid, a copy thereof to: Paul K. Baker, Esq., Baker & Abraham, P.C., 30 Rowes Wharf, Boston, MA 02110.

_____
Jeffrey A. Dretler

# Commonwealth of Massachusetts

SUFFOLK, ss.



SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION

No. 05-01929B

JANET LAKEMAN , Plaintiff(s)

v.

PARTNERS HEALTHCARE SYSTEM, INC. , Defendant(s)

## SUMMONS

To the above-named Defendant: Partners Healthcare System, Inc.

You are hereby summoned and required to serve upon Paul Kl. Baker, Esq. Baker & Abraham, P.C. plaintiff's attorney, whose address is 30 Rowes Wharf, Boston, MA, 02110 , an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Suzanne V. DelVecchio, Esquire, at Boston, the _____ day of _____, in the year of our Lord two thousand _____.

*Michael Joseph Donovan*

Clerk/Magistrate

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED
   (1) TORT — (2) MOTOR VEHICLE TORT — (3) CONTRACT — (4) EQUITABLE RELIEF — (5) OTHER

FORM CIV.P. 1 3rd Rev.

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                                SUPERIOR COURT
                                            C.A. No.

```
                                    )
JANET LAKEMAN,                      )
        Plaintiff                   )
    v.                              )
                                    )
PARTNERS HEALTHCARE                 )
SYSTEM, INC.,                       )
        Defendant                   )
                                    )
```

## COMPLAINT AND JURY DEMAND

The Plaintiff, Janet Lakeman, by her attorneys, Baker & Abraham, P.C., complaining of the Defendant, respectfully alleges:

## PARTIES

1. The Plaintiff, Janet Lakeman (hereinafter "Mrs. Lakeman"), is a resident of the Commonwealth of Massachusetts, residing at 92 Dunstable Street, Charlestown, Suffolk County, Massachusetts.

2. The Defendant, Partners Healthcare System, Inc. (hereinafter "Partners"), is a corporation duly organized and existing under the laws of the State of Massachusetts, with a usual place of business at 800 Boylston Street, Boston, Massachusetts.

## FACTS

3. At all times relevant hereto, Partners owned, operated and/or managed healthcare facilities in the Commonwealth of Massachusetts, including the Massachusetts General Hospital and its satellite facilities or "clinics."

4. As of July 7, 2004, Plaintiff, Mrs. Lakeman was employed by and through the Defendant, Partners, as a secretary at the Massachusetts General Hospital Healthcare Center (hereinafter the "Charlestown clinic") located in Charlestown, Massachusetts.

5. Mrs. Lakeman had been employed by the Defendant, Partners, or a predecessor-in-interest, at the Charlestown clinic, since May, 1994.

6. During the course of her 10-year employment history with Partners, Mrs. Lakeman had taken leave, pursuant to the Family Medical Leave Act ("FMLA"), 29 U.S.C. 28, on four occasions.

7. On or about January 30, 2003, Mrs. Lakeman was injured in the course of her employment at the Charlestown clinic, when she slipped and fell on computer and telephone cables, sustaining injury to her Achilles tendon. Mrs. Lakeman's work-related accident was witnessed by several of her co-workers and, additionally, her resulting injuries were deemed work-related by her treating physicians.

8. Sometime subsequent to the accident of January 30, 2003, Mrs. Lakeman was informed by a representative of Partners that it would not make voluntary payment of workers compensation benefits absent a court order, i.e., that Mrs. Lakeman would have to successfully prosecute a workers compensation claim resulting in an Order for Payment before Partners would tender any wage or medical benefits.

9. Sometime subsequent to the accident of January 30, 2003, Mrs. Lakeman was informed by her surgeon, William Theodore, M.D., that her medical condition necessitated surgical intervention.

10. Due to Partners' refusal to voluntarily pay workers compensation benefits to or on behalf of the Plaintiff, Mrs. Lakeman was required to forego surgery and continue working until she accrued sufficient time to request leave pursuant to the Family Medical Leave Act ("FMLA"), 29 U.S.C. 28. During this time, Mrs. Lakeman was required to wear an air cast on her left foot/ankle in an effort to avoid additional injury while working.

11. On or about August 14, 2003, Mrs. Lakeman exercised her right to Family Medical Leave for the purpose of undergoing surgery to repair her left Achilles tendon.

12. The surgery necessitated by Mrs. Lakeman's work-related injuries resulted in her absence from work from August 14, 2003 until approximately November 3, 2003. During this absence, Partners continued to refuse to voluntarily pay workers compensation benefits to or on behalf of Mrs. Lakeman.

13. Mrs. Lakeman returned to work at the Charlestown clinic on or about November 3, 2003.

14. After returning to work at the Charlestown clinic on or about November 3, 2003, Mrs. Lakeman discovered that Partners' employees had been accessing her medical records without her authorization, as evidenced by non-medical documentation that had been left in her medical records.

15. Mrs. Lakeman brought this discovery to the attention of certain employees and representative of Partners, and requested that access to her private and confidential medical records not be allowed absent her authorization pursuant to Health Insurance Portability and Accountability Act (HIPAA).

16. On or about June 14, 2004, Partners' Director of Occupation Health Services, Ms. Susan Loomis, initiated a private meeting between herself and Mrs. Lakeman. At this meeting, Ms. Loomis apologized and took direct responsibility for the denial of Mrs. Lakeman's workers compensation claim, and expressed concern for the additional medical issues that had resulting from Mrs. Lakeman continuing to work while injured. Ms. Loomis also requested Mrs. Lakeman's permission to access her medical records for the purpose of removing the non-medical documentation that had been inadvertently left in her records. Mrs. Lakeman declined this request, and requested that her medical record remain completely intact.

17. During the meeting of June 14, 2004, Ms. Loomis expressly instructed and authorized Mrs. Lakeman to "go out on workers compensation" and obtain the medical care necessary to address the conditions that had resulted from Partners' refusal to honor her workers compensation claim.

18. On or about June 15, 2004, Partners agreed to pay workers compensation benefits to Mrs. Lakeman for the 14-week period of time she was absent from work due to her surgery.

19. Mrs. Lakeman relied upon the express instruction of Partners' agent and employee, took leave of work and began to seek and obtain physical therapy treatment for her left leg, back and hips.

20. On or about July 1, 2004, Mrs. Lakeman received a telephone message an employee of Partners informing her that "she had abandoned her position at the clinic" and was therefore terminated.

21. On or about July 6, 2004, Mrs. Lakeman responded to Partners, advising that she had not abandoned her position, but rather, had been "put out on workers comp. by Ms. Loomis."

22. On or about July 7, 2004, Mrs. Lakeman received correspondence from Partners, dated July 1, 2004, informing her that her employment at the Charlestown clinic was terminated.

23. On or about July 12, 2004, Mrs. Lakeman was informed by Ms. Loomis that she (Ms. Loomis) had accessed Mrs. Lakeman's medical record, despite Mrs. Lakeman's prior, explicit request to the contrary, and removed from the record twenty-two (22) pages of non-medical documentation.

24. On or about July 12, 2004, Mrs. Lakeman informed Ms. Loomis of the telephone message and correspondence she had received wherein she was accused of "abandoning her position" and of her termination. Ms. Loomis expressed surprise and concern in response to this information, and advised Mrs. Lakeman that she "would look into it...and take care of it."

25. On or about July 14, 2004, Mrs. Lakeman received written notification from Partners that her employment at the Charlestown clinic had been terminated.

## COUNT I
## WRONGFUL TERMINATION/
## VIOLATION OF G.L. c. 152, §75B

26. The Plaintiff repeats, realleges and incorporates by reference the allegations contained in paragraphs 1-25.

27. The Plaintiff asserted her legally enforceable right to initiate a claim for workers compensation benefits pursuant to G.L. c. 152, §10, following her work-related accident of January 30, 2003.

28. Defendant Partners discharged the Plaintiff in retaliation for initiating a claim for workers compensation benefits pursuant to G.L. c. 152, and in so doing, violated G.L. c. 152, §75B.

29. As Defendant Partners' discharge of the Plaintiff was in retaliation for the Plaintiff's assertion of a legally enforceable right, said termination was in contravention of clearly established public policy and is therefore actionable.

WHEREFORE, the Plaintiff prays judgment and damages of the Defendant herein, in a sum to be determined by the trial of this action, plus interest and costs as provided by law.

## COUNT II
## WRONGFUL TERMINATION/
## RETALIATION FOR EXERCISE OF LEGALLY ENFORCEABLE RIGHTS

30. The Plaintiff repeats, realleges and incorporates by reference the allegations contained in paragraphs 1-25.

31. Following her work-related accident of January 30, 2003, the Plaintiff asserted her legally enforceable rights under the Family Medical Leave Act ("FMLA"), 29 U.S.C. 28.

32. Defendant Partners discharged the Plaintiff in retaliation for exercising her rights under the FMLA.

33. As Defendant Partners' discharge of the Plaintiff was in retaliation for the Plaintiff's assertion of a legally enforceable right relative to the FMLA, said termination was in contravention of clearly established public policy and is therefore actionable.

WHEREFORE, the Plaintiff prays judgment and damages of the Defendant herein, in a sum to be determined by the trial of this action, plus interest and costs as provided by law.

## COUNT III
## WRONGFUL TERMINATION/
## RETALIATION FOR EXERCISE OF LEGALLY ENFORCEABLE RIGHTS

34. The Plaintiff repeats, realleges and incorporates by reference the allegations contained in paragraphs 1-25.

35. Following her work-related accident of January 30, 2003, the Plaintiff asserted her legally enforceable rights under Health Insurance Portability and Accountability Act ("HIPAA"), Privacy Rule, 45 CFR Parts 160 – 164, by requesting that access to her private and confidential medical records not be gained absent her express written consent pursuant to HIPAA.

36. As Defendant Partners' discharge of the Plaintiff was in retaliation for the Plaintiff's assertion of a legally enforceable right relative to HIPAA, said termination was in contravention of clearly established public policy and is therefore actionable.

WHEREFORE, the Plaintiff prays judgment and damages of the Defendant herein, in a sum to be determined by the trial of this action, plus interest and costs as provided by law.

## COUNT IV
## VIOLATION OF G.L. c. 12, §11 I
## (MASSACHUSETTS CIVIL RIGHTS ACT)

37. The Plaintiff repeats, realleges and incorporates by reference the allegations contained in paragraphs 1-25.

38. Plaintiff, Mrs. Lakeman's exercise or enjoyment of rights secured by the constitution or laws of the United States, or of rights secured by the constitution or laws of the Commonwealth of Massachusetts, has been interfered with by the Defendant, Partners, its agents, employees and/or representatives.

39. By expressly instructing and authorizing Mrs. Lakeman to "go out on workers compensation" with the knowledge, objective and intent to have her abandon her position at the Charlestown clinic, Defendant Partners, by and through its employee, Susan Loomis, engaged in acts of coercion and deceit relative to their employee, Mrs. Lakeman.

40. Defendant Partners terminated Mrs. Lakeman for exercising her secured right to file a workers compensation claim in contravention of G.L. c. 152, §75B and, in so doing, violated G.L. c. 12, §11I.

41. Defendant Partners' terminated Mrs. Lakeman for exercising her secured rights under the Family Medical Leave Act, 29 U.S.C. 28 and, in so doing, violated G.L. c. 12, §11I.

42. Defendant Partners' terminated Mrs. Lakeman for exercising her secured rights under the Health Insurance Portability and Accountability Act ("HIPAA"), Privacy Rule, 45 CFR Parts 160 – 164 and, in so doing, violated G.L. c. 12, §11I.

WHEREFORE, the Plaintiff prays judgment and damages of the Defendant herein, in a sum to be determined by the trial of this action, plus interest and costs as provided by law.

## COUNT V
### DECEIT/FRAUD

43. The Plaintiff repeats, realleges and incorporates by reference the allegations contained in paragraphs 1-25.

44. Defendant Partners, by and through its employee, Susan Loomis, expressly instructed and authorized Mrs. Lakeman to "go out on workers compensation" with the knowledge, objective and intent to have her abandon her position at the Charlestown clinic.

45. In so instructing Mrs. Lakeman, Defendant Partners, by and through its employee, Susan Loomis, fraudulently misrepresented certain facts, opinions and/or intentions for the purpose of inducing Mrs. Lakeman to act thereon.

46. Mrs. Lakeman relied upon the fraudulent misrepresentations of Partners to her detriment, to wit: Mrs. Lakeman was terminated by Partners shortly after following the instruction and directive of Partners' agent, employee and representative, Ms. Loomis.

WHEREFORE, the Plaintiff prays judgment and damages of the Defendant herein, in a sum to be determined by the trial of this action, plus interest and costs as provided by law.

## COUNT VI
## NEGLIGENT MISREPRESENTATION

47. The Plaintiff repeats, realleges and incorporates by reference the allegations contained in paragraphs 1-25.

48. Defendant Partners, by and through its employee, Susan Loomis, expressly instructed and authorized Mrs. Lakeman to "go out on workers compensation" with the knowledge, objective and intent to have her abandon her position at the Charlestown clinic.

49. In so instructing Mrs. Lakeman, Defendant Partners, by and through its employee, Susan Loomis, provided false information for the guidance of Mrs. Lakeman and failed to exercise reasonable care and/or competence in this provision of advice, instruction or guidance, upon which Mrs. Lakeman justifiably relied.

50. Mrs. Lakeman's reliance upon the advice, instruction or guidance provided by Partners resulted in great pecuniary loss to Mrs. Lakeman, to wit: Mrs. Lakeman was terminated by Partners shortly after following the advice, instruction or guidance of Partners' agent, employee and representative, Ms. Loomis.

WHEREFORE, the Plaintiff prays judgment and damages of the Defendant herein, in a sum to be determined by the trial of this action, plus interest and costs as provided by law.

*PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY AS TO ALL ISSUES.*

The Plaintiff, Janet Lakeman,
By Her Attorneys,

Paul K. Baker, BBO #631221
Andrew M. Abraham, BBO#631167
BAKER & ABRAHAM, P.C.
30 Rowes Wharf
Boston, MA 02110
(617) 330-1330

06/21/05 Case 1:05-cv-11496-WGY Document 1-2 Filed 07/14/2005 Page 10 of 12

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) | Trial Court of Massachusetts Superior Court Department County: |
|---|---|---|

| PLAINTIFF(S) | DEFENDANT(S) |
|---|---|
| JANET LAKEMAN | PARTNERS HEALTHCARE SYSTEM, INC |

| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE | ATTORNEY (If known) |
|---|---|
| Paul K. Baker - BBO# 631221<br>Baker & Abraham, P.C.<br>30 Rowes Wharf, Boston, MA 02110<br>Board of Bar Overseers number: 617-330-1330 | |

### Origin code and track designation

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

### TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B99 | Wrongful Termination | (F) | (X) Yes  ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ................................................. $............
2. Total Doctor expenses .................................................. $............
3. Total chiropractic expenses ............................................ $............
4. Total physical therapy expenses ....................................... $............
5. Total other expenses (describe) ....................................... $............
   Subtotal $............
B. Documented lost wages and compensation to date ........................ $............
C. Documented property damages to date ................................... $............
D. Reasonably anticipated future medical and hospital expenses ........... $............
E. Reasonably anticipated lost wages ..................................... $............
F. Other documented items of damages (describe)
   $............
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

   $............
   TOTAL $............

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):
Plaintiff was wrongfully terminated in violation of G.L.c.152, sec. 75B and in retaliation for exercising legally enforceable rights.
TOTAL $............

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record /s/ Paul Baker    DATE: 5/10/05

A.O.S.C. 1-2000
6 mtc005-11/99

Commonwealth of Massachusetts
County of Suffolk
The Superior Court

CIVIL DOCKET# SUCV2005-01929-B

RE: Lakeman v Partners Healhcare Systen Inc

TO: Paul K Baker, Esquire
Baker & Abraham, PC
30 Rowes Wharf
Boston, MA 02110

## TRACKING ORDER - F TRACK

You are hereby notified that this case is on the **fast (F) track** as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

| STAGES OF LITIGATION | DEADLINE |
|---|---|
| Service of process made and return filed with the Court | 08/14/2005 |
| Response to the complaint filed (also see MRCP 12) | 10/13/2005 |
| All motions under MRCP 12, 19, and 20 filed | 10/13/2005 |
| All motions under MRCP 15 filed | 10/13/2005 |
| All discovery requests and depositions completed | 03/12/2006 |
| All motions under MRCP 56 served and heard | 04/11/2006 |
| Final pre-trial conference held and firm trial date set | 05/11/2006 |
| Case disposed | 07/10/2006 |

The final pre-trial deadline is **not the scheduled date of the conference**. You will be notified of that date at a later time.
**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**
This case is assigned to session B sitting in CtRm 306, 3 Pemberton Square, Boston at **Suffolk Superior Court.**

Dated: 05/27/2005

Michael Joseph Donovan
Clerk of the Courts
BY: John F. Reveliotis
Assistant Clerk

Location: CtRm 306, 3 Pemberton Square, Boston
Telephone: 617-788-8141

cvdtrack_2.wpd 2701512 inidoe01 russolis

%JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

**DEFENDANTS**

(b) County of Residence of First Listed Plaintiff **Suffolk**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**05-11496 RCL**

(c) Attorney's (Firm Name, Address, and Telephone Number)

Attorneys (If Known)
Jeffrey M. Dretler
Prince, Lobel, Glovsky & Tye LLP
585 Commercial Boston, MA 02109

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☒ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights / ☐ 550 Civil Rights | | | |
| | / ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
**29 U.S.C. Section 2611 et seq.**
Brief description of cause:
**FMLA and state law claims.**

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ **None**

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE **7/14/05**

SIGNATURE OF ATTORNEY OF RECORD [signature]

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only)   **Janet Lakeman v. Partners Healthcare System, Inc.**

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   - [ ] I.   160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT.
   - [x] II.  195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,   *Also complete AO 120 or AO 121
              740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.          for patent, trademark or copyright cases
   - [ ] III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
              315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
              380, 385, 450, 891.
   - [ ] IV.  220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660,
              690, 810, 861-865, 870, 871, 875, 900.
   - [ ] V.   150, 152, 153.

   **05 - 11496 RCL**

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES [ ]   NO [x]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES [ ]   NO [x]
   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES [ ]   NO [ ]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES [ ]   NO [x]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES [x]   NO [ ]

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division [x]   Central Division [ ]   Western Division [ ]

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division [ ]   Central Division [ ]   Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES [ ]   NO [x]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME   **Jeffrey A. Dretler**
ADDRESS   **Prince, Lobel, Glovsky & Tye LLP, 585 Commercial Street, Boston, MA 02109**
TELEPHONE NO.   **617-456-8013**

(CategoryForm.wpd - 5/2/05)