Commonwealth of Massachusetts
SUFFOLK SUPERIOR COURT
Case Summary
Civil Docket

## SUCV2005-01929
### Lakeman v Partners Healhcare Systen Inc

| | | | | | |
|---|---|---|---|---|---|
| File Date | 05/16/2005 | Status | Disposed: transfered to other court (dtrans) | | |
| Status Date | 07/15/2005 | Session | B - Civil B, 3 Pemberton Square, Boston | | |
| Origin | 1 | Case Type | B04 - Other negligence/pers injury/pro | | |
| Lead Case | | Track | F | | |
| Service | 08/14/2005 | Answer | 10/13/2005 | Rule12/19/20 | 10/13/2005 |
| Rule 15 | 10/13/2005 | Discovery | 03/12/2006 | Rule 56 | 04/11/2006 |
| Final PTC | 05/11/2006 | Disposition | 07/10/2006 | Jury Trial | Yes |

### PARTIES

**Plaintiff**
Janet Lakeman
Active 05/16/2005

Private Counsel 631221
Paul K Baker
Baker & Abraham, PC
30 Rowes Wharf
Boston, MA 02110
Phone: 617-330-1330
Fax:
Active 05/16/2005 Notify

**Defendant**
Partners Healhcare System Inc
Served: 06/17/2005
Served (answr pending) 06/27/2005

Private Counsel 558953
Jeffrey A Dretler
Prince Lobel Glovsky & Tye
585 Commercial Street
Boston, MA 02109
Phone: 617-456-8000
Fax: 617-456-8100
Active 07/15/2005 Notify

### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 05/16/2005 | 1.0 | Complaint & Jury demand |
| 05/16/2005 | | Origin 1, Type B04, Track F. |
| 05/16/2005 | 2.0 | Civil action cover sheet filed |
| 06/27/2005 | 3.0 | SERVICE RETURNED: Partners Healhcare Systen Inc(Defendant) (in hand to L Molodousky) |
| 07/15/2005 | | Certified copy of petition for removal to U. S. Dist. Court of Deft. Partners Healthcare System, Inc., U. S. Dist.#(05-11496RCL). |
| 07/15/2005 | | Case REMOVED this date to US District Court of Massachusetts |

### EVENTS

I HEREBY ATTEST AND CERTIFY ON
7-15-05 THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: _____

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                                                SUPERIOR COURT
                                                            C.A. No.

| | |
|---|---|
| JANET LAKEMAN, <br> Plaintiff <br> v. <br><br> PARTNERS HEALTHCARE <br> SYSTEM, INC., <br> Defendant | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

05-1929

COMPLAINT AND JURY DEMAND

The Plaintiff, Janet Lakeman, by her attorneys, Baker & Abraham, P.C., complaining of the Defendant, respectfully alleges:

## PARTIES

1. The Plaintiff, Janet Lakeman (hereinafter "Mrs. Lakeman"), is a resident of the Commonwealth of Massachusetts, residing at 92 Dunstable Street, Charlestown, Suffolk County, Massachusetts.

2. The Defendant, Partners Healthcare System, Inc. (hereinafter "Partners"), is a corporation duly organized and existing under the laws of the State of Massachusetts, with a usual place of business at 800 Boylston Street, Boston, Massachusetts.

## FACTS

3. At all times relevant hereto, Partners owned, operated and/or managed healthcare facilities in the Commonwealth of Massachusetts, including the Massachusetts General Hospital and its satellite facilities or "clinics."

4. As of July 7, 2004, Plaintiff, Mrs. Lakeman was employed by and through the Defendant, Partners, as a secretary at the Massachusetts General Hospital Healthcare Center (hereinafter the "Charlestown clinic") located in Charlestown, Massachusetts.

5.     Mrs. Lakeman had been employed by the Defendant, Partners, or a predecessor-in-interest, at the Charlestown clinic, since May, 1994.

6.     During the course of her 10-year employment history with Partners, Mrs. Lakeman had taken leave, pursuant to the Family Medical Leave Act ("FMLA"), 29 U.S.C. 28, on four occasions.

7.     On or about January 30, 2003, Mrs. Lakeman was injured in the course of her employment at the Charlestown clinic, when she slipped and fell on computer and telephone cables, sustaining injury to her Achilles tendon. Mrs. Lakeman's work-related accident was witnessed by several of her co-workers and, additionally, her resulting injuries were deemed work-related by her treating physicians.

8.     Sometime subsequent to the accident of January 30, 2003, Mrs. Lakeman was informed by a representative of Partners that it would not make voluntary payment of workers compensation benefits absent a court order, i.e., that Mrs. Lakeman would have to successfully prosecute a workers compensation claim resulting in an Order for Payment before Partners would tender any wage or medical benefits.

9.     Sometime subsequent to the accident of January 30, 2003, Mrs. Lakeman was informed by her surgeon, William Theodore, M.D., that her medical condition necessitated surgical intervention.

10.    Due to Partners' refusal to voluntarily pay workers compensation benefits to or on behalf of the Plaintiff, Mrs. Lakeman was required to forego surgery and continue working until she accrued sufficient time to request leave pursuant to the Family Medical Leave Act ("FMLA"), 29 U.S.C. 28. During this time, Mrs. Lakeman was required to wear an air cast on her left foot/ankle in an effort to avoid additional injury while working.

11.    On or about August 14, 2003, Mrs. Lakeman exercised her right to Family Medical Leave for the purpose of undergoing surgery to repair her left Achilles tendon.

12. The surgery necessitated by Mrs. Lakeman's work-related injuries resulted in her absence from work from August 14, 2003 until approximately November 3, 2003. During this absence, Partners continued to refuse to voluntarily pay workers compensation benefits to or on behalf of Mrs. Lakeman.

13. Mrs. Lakeman returned to work at the Charlestown clinic on or about November 3, 2003.

14. After returning to work at the Charlestown clinic on or about November 3, 2003, Mrs. Lakeman discovered that Partners' employees had been accessing her medical records without her authorization, as evidenced by non-medical documentation that had been left in her medical records.

15. Mrs. Lakeman brought this discovery to the attention of certain employees and representative of Partners, and requested that access to her private and confidential medical records not be allowed absent her authorization pursuant to Health Insurance Portability and Accountability Act (HIPAA).

16. On or about June 14, 2004, Partners' Director of Occupation Health Services, Ms. Susan Loomis, initiated a private meeting between herself and Mrs. Lakeman. At this meeting, Ms. Loomis apologized and took direct responsibility for the denial of Mrs. Lakeman's workers compensation claim, and expressed concern for the additional medical issues that had resulting from Mrs. Lakeman continuing to work while injured. Ms. Loomis also requested Mrs. Lakeman's permission to access her medical records for the purpose of removing the non-medical documentation that had been inadvertently left in her records. Mrs. Lakeman declined this request, and requested that her medical record remain completely intact.

17. During the meeting of June 14, 2004, Ms. Loomis expressly instructed and authorized Mrs. Lakeman to "go out on workers compensation" and obtain the medical care necessary to address the conditions that had resulted from Partners' refusal to honor her workers compensation claim.

18. On or about June 15, 2004, Partners agreed to pay workers compensation benefits to Mrs. Lakeman for the 14-week period of time she was absent from work due to her surgery.

19. Mrs. Lakeman relied upon the express instruction of Partners' agent and employee, took leave of work and began to seek and obtain physical therapy treatment for her left leg, back and hips.

20. On or about July 1, 2004, Mrs. Lakeman received a telephone message an employee of Partners informing her that "she had abandoned her position at the clinic" and was therefore terminated.

21. On or about July 6, 2004, Mrs. Lakeman responded to Partners, advising that she had not abandoned her position, but rather, had been "put out on workers comp. by Ms. Loomis."

22. On or about July 7, 2004, Mrs. Lakeman received correspondence from Partners, dated July 1, 2004, informing her that her employment at the Charlestown clinic was terminated.

23. On or about July 12, 2004, Mrs. Lakeman was informed by Ms. Loomis that she (Ms. Loomis) had accessed Mrs. Lakeman's medical record, despite Mrs. Lakeman's prior, explicit request to the contrary, and removed from the record twenty-two (22) pages of non-medical documentation.

24. On or about July 12, 2004, Mrs. Lakeman informed Ms. Loomis of the telephone message and correspondence she had received wherein she was accused of "abandoning her position" and of her termination. Ms. Loomis expressed surprise and concern in response to this information, and advised Mrs. Lakeman that she "would look into it…and take care of it."

25. On or about July 14, 2004, Mrs. Lakeman received written notification from Partners that her employment at the Charlestown clinic had been terminated.

## COUNT I
## WRONGFUL TERMINATION/
## VIOLATION OF G.L. c. 152, §75B

26. The Plaintiff repeats, realleges and incorporates by reference the allegations contained in paragraphs 1-25.

27. The Plaintiff asserted her legally enforceable right to initiate a claim for workers compensation benefits pursuant to G.L. c. 152, §10, following her work-related accident of January 30, 2003.

28. Defendant Partners discharged the Plaintiff in retaliation for initiating a claim for workers compensation benefits pursuant to G.L. c. 152, and in so doing, violated G.L. c. 152, §75B.

29. As Defendant Partners' discharge of the Plaintiff was in retaliation for the Plaintiff's assertion of a legally enforceable right, said termination was in contravention of clearly established public policy and is therefore actionable.

WHEREFORE, the Plaintiff prays judgment and damages of the Defendant herein, in a sum to be determined by the trial of this action, plus interest and costs as provided by law.

## COUNT II
## WRONGFUL TERMINATION/
## RETALIATION FOR EXERCISE OF LEGALLY ENFORCEABLE RIGHTS

30. The Plaintiff repeats, realleges and incorporates by reference the allegations contained in paragraphs 1-25.

31. Following her work-related accident of January 30, 2003, the Plaintiff asserted her legally enforceable rights under the Family Medical Leave Act ("FMLA"), 29 U.S.C. 28.

32. Defendant Partners discharged the Plaintiff in retaliation for exercising her rights under the FMLA.

33.   As Defendant Partners' discharge of the Plaintiff was in retaliation for the Plaintiff's assertion of a legally enforceable right relative to the FMLA, said termination was in contravention of clearly established public policy and is therefore actionable.

WHEREFORE, the Plaintiff prays judgment and damages of the Defendant herein, in a sum to be determined by the trial of this action, plus interest and costs as provided by law.

COUNT III
WRONGFUL TERMINATION/
RETALIATION FOR EXERCISE OF LEGALLY ENFORCEABLE RIGHTS

34.   The Plaintiff repeats, realleges and incorporates by reference the allegations contained in paragraphs 1-25.

35.   Following her work-related accident of January 30, 2003, the Plaintiff asserted her legally enforceable rights under Health Insurance Portability and Accountability Act ("HIPAA"), Privacy Rule, 45 CFR Parts 160 – 164, by requesting that access to her private and confidential medical records not be gained absent her express written consent pursuant to HIPAA.

36.   As Defendant Partners' discharge of the Plaintiff was in retaliation for the Plaintiff's assertion of a legally enforceable right relative to HIPAA, said termination was in contravention of clearly established public policy and is therefore actionable.

WHEREFORE, the Plaintiff prays judgment and damages of the Defendant herein, in a sum to be determined by the trial of this action, plus interest and costs as provided by law.

COUNT IV
VIOLATION OF G.L. c. 12, §11 I
(MASSACHUSETTS CIVIL RIGHTS ACT)

37.   The Plaintiff repeats, realleges and incorporates by reference the allegations contained in paragraphs 1-25.

38. Plaintiff, Mrs. Lakeman's exercise or enjoyment of rights secured by the constitution or laws of the United States, or of rights secured by the constitution or laws of the Commonwealth of Massachusetts, has been interfered with by the Defendant, Partners, its agents, employees and/or representatives.

39. By expressly instructing and authorizing Mrs. Lakeman to "go out on workers compensation" with the knowledge, objective and intent to have her abandon her position at the Charlestown clinic, Defendant Partners, by and through its employee, Susan Loomis, engaged in acts of coercion and deceit relative to their employee, Mrs. Lakeman.

40. Defendant Partners terminated Mrs. Lakeman for exercising her secured right to file a workers compensation claim in contravention of G.L. c. 152, §75B and, in so doing, violated G.L. c. 12, §11I.

41. Defendant Partners' terminated Mrs. Lakeman for exercising her secured rights under the Family Medical Leave Act, 29 U.S.C. 28 and, in so doing, violated G.L. c. 12, §11I.

42. Defendant Partners' terminated Mrs. Lakeman for exercising her secured rights under the Health Insurance Portability and Accountability Act ("HIPAA"), Privacy Rule, 45 CFR Parts 160 – 164 and, in so doing, violated G.L. c. 12, §11I.

WHEREFORE, the Plaintiff prays judgment and damages of the Defendant herein, in a sum to be determined by the trial of this action, plus interest and costs as provided by law.

## COUNT V
## DECEIT/FRAUD

43. The Plaintiff repeats, realleges and incorporates by reference the allegations contained in paragraphs 1-25.

44. Defendant Partners, by and through its employee, Susan Loomis, expressly instructed and authorized Mrs. Lakeman to "go out on workers compensation" with the knowledge, objective and intent to have her abandon her position at the Charlestown clinic.

45. In so instructing Mrs. Lakeman, Defendant Partners, by and through its employee, Susan Loomis, fraudulently misrepresented certain facts, opinions and/or intentions for the purpose of inducing Mrs. Lakeman to act thereon.

46. Mrs. Lakeman relied upon the fraudulent misrepresentations of Partners to her detriment, to wit: Mrs. Lakeman was terminated by Partners shortly after following the instruction and directive of Partners' agent, employee and representative, Ms. Loomis.

WHEREFORE, the Plaintiff prays judgment and damages of the Defendant herein, in a sum to be determined by the trial of this action, plus interest and costs as provided by law.

## COUNT VI
## NEGLIGENT MISREPRESENTATION

47. The Plaintiff repeats, realleges and incorporates by reference the allegations contained in paragraphs 1-25.

48. Defendant Partners, by and through its employee, Susan Loomis, expressly instructed and authorized Mrs. Lakeman to "go out on workers compensation" with the knowledge, objective and intent to have her abandon her position at the Charlestown clinic.

49. In so instructing Mrs. Lakeman, Defendant Partners, by and through its employee, Susan Loomis, provided false information for the guidance of Mrs. Lakeman and failed to exercise reasonable care and/or competence in this provision of advice, instruction or guidance, upon which Mrs. Lakeman justifiably relied.

50. Mrs. Lakeman's reliance upon the advice, instruction or guidance provided by Partners resulted in great pecuniary loss to Mrs. Lakeman, to wit: Mrs. Lakeman was terminated by Partners shortly after following the advice, instruction or guidance of Partners' agent, employee and representative, Ms. Loomis.

WHEREFORE, the Plaintiff prays judgment and damages of the Defendant herein, in a sum to be determined by the trial of this action, plus interest and costs as provided by law.

PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY AS TO ALL ISSUES.

The Plaintiff, Janet Lakeman,
By Her Attorneys,

Paul K. Baker, BBO #631221
Andrew M. Abraham, BBO#631167
BAKER & ABRAHAM, P.C.
30 Rowes Wharf
Boston, MA 02110
(617) 330-1330

I HEREBY ATTEST AND CERTIFY ON 7-15-05, THAT THE FOREGOING DOCUMENT IS A FULL, TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE IN MY OFFICE, AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK/MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY:

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) 05-1929 | Trial Court of Massachusetts Superior Court Department County: _____ |
|---|---|---|
| PLAINTIFF(S) JANET LAKEMAN | | DEFENDANT(S) PARTNERS HEALTHCARE SYSTEM, INC |
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE Paul K. Baker, BBO# 631221 Baker & Abraham, P.C. 30 Rowes Wharf, Boston, MA 02110 Board of Bar Overseers number: 617-330-1330 | | ATTORNEY (if known) |

### Origin code and track designation

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 & 104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

### TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B99 | Wrongful Termination | ( F ) | ( X ) Yes   ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
 1. Total hospital expenses ........................................ $ ..........
 2. Total Doctor expenses ......................................... $ ..........
 3. Total chiropractic expenses ................................... $ ..........
 4. Total physical therapy expenses ............................... $ ..........
 5. Total other expenses (describe) ............................... $ ..........
                                                      Subtotal $ ..........
B. Documented lost wages and compensation to date ................... $ ..........
C. Documented property damages to date ............................. $ ..........
D. Reasonably anticipated future medical and hospital expenses ...... $ ..........
E. Reasonably anticipated lost wages ................................ $ ..........
F. Other documented items of damages (describe)
                                                              $ ..........
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

                                                              $ ..........
                                                      TOTAL $ ..........

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):
Plaintiff was wrongfully terminated in violation of C.L.c.152, sec. 75B and in retaliation for exercising legally enforceable rights.

                                                      TOTAL $ ..........

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____  DATE: 5/10/05

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

I HEREBY ATTEST AND CERTIFY ON
7-15-05 THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: _____

# Commonwealth of Massachusetts

SUFFOLK, ss.



SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION

No. 05-01929B

JANET LAKEMAN, Plaintiff(s)

v.

PARTNERS HEALTHCARE SYSTEM, INC., Defendant(s)

## SUMMONS

To the above-named Defendant: Partners Healthcare System, Inc.

You are hereby summoned and required to serve upon Paul K. Baker, Esq. Baker & Abraham, P.C., plaintiff's attorney, whose address is 30 Rowes Wharf, Boston, MA, 02110, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Suzanne V. DelVecchio, Esquire, at Boston, the _____ day of _____, in the year of our Lord two thousand _____.

*Michael Joseph Donovan*
Clerk/Magistrate

NOTES
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED
   (1) TORT — (2) MOTOR VEHICLE TORT — (3) CONTRACT — (4) EQUITABLE RELIEF — (5) OTHER

FORM CIV.P. 1 3rd Rev.

I HEREBY ATTEST AND CERTIFY ON
7-15-05 THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK/MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: _____
Ass't Clerk

Suffolk County Sheriff's Department • 45 Bromfield Street • Boston, MA 02108 • (617) 989-6999

Suffolk, ss.

June 20, 2005

I hereby certify and return that on 6/17/2005 at 1:00PM I served a true and attested copy of the Summons, Complaint, TrackingOrder, Cover Sheet, Ints & Req/Pro/Docs in this action in the following manner: To wit, by delivering in hand to L.Molodousky, agent and person in charge at the time of service for Partners Healthcare Systems, Inc., at , 50 Staniford Street, 10th floor Boston, MA. Basic Service Fee (IH) ($30.00), Travel ($1.00), Postage and Handling ($1.00), Attest/Copies ($5.00) Total Charges $37.00

Deputy Sheriff

Deputy Sheriff George Slyva

N.B. TO PROCESS SERVER:—
PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.

, 200 .

Commonwealth of Massachusetts

SUFFOLK, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION
No. 05-01929B

JANET LAKEMAN , Plff(s).

v.

PARTNERS HEALTHCARE SYSTEM INC. , Deft(s).

SUMMONS
(Mass. R. Civ. P. 4)

(AFFIX FILING STAMP HERE)