UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JANET LAKEMAN,<br><br>        Plaintiff,<br><br>v.<br><br>PARTNERS HEALTHCARE<br>SYSTEM, INC.,<br><br>        Defendant. | CA:  05-11496 RCL |

**PARTIAL ANSWER, AFFIRMATIVE DEFENSES AND JURY DEMAND[1]**

Now comes the Defendant, Partners Healthcare System, Inc. ("Defendant" or "Partners") for its answer to the specific allegations of Plaintiff's Complaint, and admits, denies or otherwise avers as follows:

1.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint.

2.      Defendant admits the allegations contained in Paragraph 2 of the Complaint.

3.      Defendant denies the allegations contained in Paragraph 3 of the Complaint.

4.      Defendant admits that prior to the termination of her employment, effective June 25, 2004, the Plaintiff was employed by The General Hospital Corporation, commonly known as Massachusetts General Hospital ("MGH"), a Massachusetts, charitable, non-profit corporation with a principal place of business at 55 Fruit Street, Boston, Massachusetts.  The Plaintiff worked at the MGH Charlestown HealthCare Center ("Charlestown Clinic").  Defendant denies the

---

[1] Defendant has filed a Fed. R. Civ. P. 12(b)(6) motion to dismiss Counts I, II and IV.

remaining allegations contained in Paragraph 4 of the Complaint.

5.    Defendant admits that the Plaintiff was employed by MGH from on or about April, 1994 though on or about June 25, 2004.  As of the termination of her employment, the Plaintiff held the position of Patient Services Coordinator II and worked at the Charlestown Clinic.  The Defendant denies the remaining allegations contained in Paragraph 5 of the Complaint.

6.    Defendant admits that during the course of her employment with MGH, she took leave pursuant to the Family and Medical Leave Act ("FMLA"), 29 U.S.C. 2601 et seq., on at least four occasions.  Defendant denies the remaining allegations contained in Paragraph 6 of the Complaint.

7.    Defendant admits that the Plaintiff applied for workers compensation benefits relating to an injury she alleged to have suffered at the Charlestown Clinic on or about January 30, 2003, during the course of her employment.  Defendant denies the remaining allegations contained in Paragraph 7 of the Complaint.

8.    Defendant admits that subsequent to January 30, 2003, the Plaintiff applied for workers compensation benefits relating to an injury she alleged to have suffered at the Charlestown Clinic during the course of her employment, and that her application for benefits was denied.  Defendant denies the remaining allegations contained in Paragraph 8 of the Complaint.

9.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint.

10.    Defendant denies the allegations contained in Paragraph 10 of the Complaint.

11.    Defendant admits the allegations contained in Paragraph 11 of the Complaint.

12.    Defendant admits that the Plaintiff took FMLA leave from on or about August 14,

2003 through on or about November 3, 2003.  Defendant denies the remaining allegations contained in Paragraph 12 of the Complaint.

13.    Defendant admits the allegations contained in Paragraph 13 of the Complaint.

14.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint.

15.    Defendant admits that the Plaintiff informed the MGH that she had found certain documents in her medical file which she believed should not have been in that file, and requested that the documents be removed from this file.  Defendant denies the remaining allegations contained in Paragraph 15 of the Complaint.

16.    Defendant admits that Ms. Susan Loomis, NP, Director, Occupational Health Service, met with the Plaintiff on or about June 14, 2004.  Defendant denies the remaining allegations contained in Paragraph 16 of the Complaint.

17.    Defendant denies the allegations contained in Paragraph 17 of the Complaint.

18.    Defendant admits that on or about June 22, 2004, it agreed to pay the Plaintiff workers compensation benefits for the time period August 14, 2003 through November 3, 2003. Defendant denies the remaining allegations contained in Paragraph 18 of the Complaint.

19.    Defendant denies the allegations contained in Paragraph 19 of the Complaint.

20.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint.

21.    Defendant admits that on or about July 6, 2004, the Plaintiff contacted the MGH regarding the status of her employment.  Defendant denies the remaining allegations contained in Paragraph 21 of the Complaint.

22.    Defendant admits that on or about July 1, 2004, it sent a letter to the Plaintiff regarding her employment, which letter speaks for itself.  Defendant denies the remaining

4

allegations contained in Paragraph 22 of the Complaint.

23.     Defendant admits that on or about July 12, 2004, Ms. Loomis informed the Plaintiff that the documents which the Plaintiff had requested be removed from her medical file had, in fact, been removed from her medical file. Defendant denies the remaining allegations contained in Paragraph 23 of the Complaint.

24.     Defendant admits that the Plaintiff came to see Ms. Loomis on or about July 12, 2004 regarding her employment status. Defendant denies the remaining allegations contained in Paragraph 24 of the Complaint.

25.     Defendant admits that it sent a letter to the Plaintiff dated July 14, 2004 confirming that her employment had been terminated effective June 25, 2004, and providing her with information concerning, among other things, the process for applying for unemployment benefits and enrolling in COBRA. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 25 of the Complaint.

## COUNT I
## WRONGFUL TERMINATION/
## VIOLATION OF G.L. c. 152, § 75B

26.     Defendant reasserts, re-alleges and incorporates by reference as if set forth fully herein, its responses to the allegations in Paragraphs 1-25, above.

27.     Defendant has filed a motion to dismiss Count I of the Complaint pursuant to Fed. R. Civ. P. 12(b)(6). As such, no further response is required at this time to the allegations contained in Paragraph 27 of the Complaint.

28.     Defendant has filed a motion to dismiss Count I of the Complaint pursuant to Fed. R. Civ. P. 12(b)(6). As such, no further response is required at this time to the allegations contained in Paragraph 28 of the Complaint.

29.    Defendant has filed a motion to dismiss Count I of the Complaint pursuant to Fed. R. Civ. P. 12(b)(6).  As such, no further response is required at this time to the allegations contained in Paragraph 29 of the Complaint.

**COUNT II**
**WRONGFUL TERMINATION/**
**RETALIATION FOR EXERCISE OF LEGALLY ENFORCEABLE RIGHTS**

30.    Defendant reasserts, re-alleges and incorporates by reference as if set forth fully herein, its responses to the allegations in Paragraphs 1-25, above.

31.    Defendant has filed a motion to dismiss Count II of the Complaint pursuant to Fed. R. Civ. P. 12(b)(6).  As such, no further response is required at this time to the allegations contained in Paragraph 31 of the Complaint.

32.    Defendant has filed a motion to dismiss Count II of the Complaint pursuant to Fed. R. Civ. P. 12(b)(6).  As such, no further response is required at this time to the allegations contained in Paragraph 32 of the Complaint.

33.    Defendant has filed a motion to dismiss Count II of the Complaint pursuant to Fed. R. Civ. P. 12(b)(6).  As such, no further response is required at this time to the allegations contained in Paragraph 32 of the Complaint.

**COUNT III**
**WRONGFUL TERMINATION/**
**RETALIATION FOR EXERCISE OF LEGALLY ENFORCEABLE RIGHTS**

34.    Defendant reasserts, re-alleges and incorporates by reference as if set forth fully herein, its responses to the allegations in Paragraphs 1-25, above.

35.    Defendant admits that some time after January 30, 2003 the Plaintiff informed the MGH that she had found certain documents in her medical file which she believed should not have been in that file, and requested that such documents be removed from that file.  Defendant denies the remaining allegations contained in Paragraph 35 of the Complaint.

36.     Defendant denies the allegations contained in Paragraph 36 of the Complaint.

**COUNT IV**
**VIOLATION OF G.L. c. 12, § 11 I**
**(MASSACHUSETTS CIVIL RIGHTS ACT)**

37.     Defendant reasserts, re-alleges and incorporates by reference as if set forth fully herein, its responses to the allegations in Paragraphs 1-25, above.

38.     Defendant has filed a motion to dismiss Count IV of the Complaint pursuant to Fed. R. Civ. P. 12(b)(6).  As such, no further response is required at this time to the allegations contained in Paragraph 38 of the Complaint.

39.     Defendant has filed a motion to dismiss Count IV of the Complaint pursuant to Fed. R. Civ. P. 12(b)(6).  As such, no further response is required at this time to the allegations contained in Paragraph 39 of the Complaint.

40.     Defendant has filed a motion to dismiss Count IV of the Complaint pursuant to Fed. R. Civ. P. 12(b)(6).  As such, no further response is required at this time to the allegations contained in Paragraph 40 of the Complaint.

41.     Defendant has filed a motion to dismiss Count IV of the Complaint pursuant to Fed. R. Civ. P. 12(b)(6).  As such, no further response is required at this time to the allegations contained in Paragraph 41 of the Complaint.

42.     Defendant has filed a motion to dismiss Count IV of the Complaint pursuant to Fed. R. Civ. P. 12(b)(6).  As such, no further response is required at this time to the allegations contained in Paragraph 42 of the Complaint.

## COUNT V
## DECEIT/FRAUD

43.     Defendant reasserts, re-alleges and incorporates by reference as if set forth fully herein, its responses to the allegations in Paragraphs 1-25, above.

44.     Defendant denies the allegations contained in Paragraph 44 of the Complaint.

45.     Defendant denies the allegations contained in Paragraph 45 of the Complaint.

46.     Defendant denies the allegations contained in Paragraph 46 of the Complaint.

## COUNT VI
## NEGLIGENT MISREPRESENTATION
## VIOLATION OF G.L. c. 152, § 75B

47.     Defendant reasserts, re-alleges and incorporates by reference as if set forth fully herein, its responses to the allegations in Paragraphs 1-25, above.

48.     Defendant denies the allegations contained in Paragraph 48 of the Complaint.

49.     Defendant denies the allegations contained in Paragraph 49 of the Complaint.

50.     Defendant denies the allegations contained in Paragraph 50 of the Complaint.

## AFFIRMATIVE DEFENSES

1.     Plaintiff's Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2.     Plaintiff's Complaint fails, in whole or in part, due to her failure to plead the allegations of the Complaint with particularity.

3.     Plaintiff's Complaint fails, in whole or in part, to the extent that her claims are preempted by federal law.

4.     Plaintiff's Complaint fails, in whole or in part, to the extent that her common law claims are duplicative of remedies available under state or federal statutory law.

8

5.     Plaintiff's Complaint is barred, in whole or in part, by the applicable statute of limitations.

6.     Plaintiff's Complaint is barred, in whole or in part, because any harm to the Plaintiff was caused by the acts of a third party for whom the Defendant is not legally responsible.

7.     Plaintiff has failed to mitigate, minimize, or avoid damages, if any, alleged in the Complaint; accordingly, any recovery must be reduced by the amount of damages resulting from such failure.

## JURY DEMAND

Defendant respectfully demands a jury trial on all issues so triable.

Respectfully submitted,

PARTNERS HEALTHCARE SYSTEM, INC.,

By its Attorneys,

PRINCE, LOBEL, GLOVSKY & TYE LLP

By _____*/s/ Jeffrey A. Dretler*
Jeffrey A. Dretler, BBO# 558953
585 Commercial Street
Boston, MA  02109
(617) 456-8000

## CERTIFICATE OF SERVICE

I, Jeffrey A. Dretler, attorney for the Defendant in the above-captioned matter, hereby certify that on this 21st day of July, 2005, I served the within document upon all parties of record by delivering, via first class mail, postage pre-paid, a copy thereof to: Paul K. Baker, Esq., Baker & Abraham, P.C., 30 Rowes Wharf, Boston, MA  02110.

*/s/ Jeffrey A. Dretler*
Jeffrey A. Dretler