UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JANET LAKEMAN,

    Plaintiff,

v.

PARTNERS HEALTHCARE
SYSTEM, INC.,

    Defendant.

CA:  05-11496 RCL

### DEFENDANT'S MOTION TO DISMISS
### COUNTS I, II AND IV OF THE COMPLAINT

The Defendant, Partners Healthcare System, Inc. ("Defendant" or "Partners"), hereby moves, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss Counts I, II and IV of the Plaintiff's Complaint.[1]  As grounds therefore, the Defendant relates as follows.

Counts I and II of the Complaint allege common law causes of action for wrongful discharge based upon alleged violations of the workers compensation statute, Mass. Gen. Laws c. 152,§ 75B and the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq*.  These common law causes of action are barred due to the availability of state and federal statutory remedies for the alleged violations.  See Magerer v. Sexton & Co., 727 F. Supp. 744 (D. Mass. 1990) (dismissing common law claim for wrongful discharge in retaliation for exercise of rights under under the workers compensation statute), aff'd, 912 F.2d 525 (1st Cir. 1990); Desrochers v.

---

[1]  The Complaint alleges six causes of action against the Defendant, *viz*.: Wrongful Termination/ Violation of G.L. c. 152, § 75B (Count I); Wrongful Termination/Retaliation for Exercise of Legally Enforceable Rights (Counts II and III); Violation of Massachusetts Civil Rights Act, G.L. c. 12, § 11I (Count IV); Deceit/Fraud (Count V); and Negligent Misrepresentation (Count VI).

Hilton Hotels Corp., 28 F. Supp. 2d 693, 695 (D. Mass. 1998) ("the comprehensive detailed enforcement provisions of FMLA show Congress' intention that the specific remedies set forth in Section 2617 of the FMLA are the exclusive remedies for the violation of the FMLA").

Count IV of the Complaint alleges a violation of the Massachusetts Civil Rights Act ("MCRA"), Mass. Gen. Laws c. 12, § 11I.  The Plaintiff's claim is barred under this statute to the extent that that it is based upon an alleged violation of FMLA, which provides the exclusive remedy for such violations.  See Desrochers, 28 F. Supp. 2d at 695 ("plaintiffs are not entitled to bypass Congress' exclusive remedial scheme for enforcement of their FMLA rights by brining a state MCRA cause of action").  Count IV is further deficient as it fails to set forth sufficient facts to support its conclusory allegation of "coercion," a necessary element of a MCRA claim.  See Deas v. Dempsey, 403 Mass. 468, 470 (1988) (Legislature did not intend to create a vast constitutional tort, and thus it limited recovery to those instances where the deprivation occurred by the defendant's threats, intimidation or coercion); Dewey v. University of New Hampshire, 694 F.2d 1, 3 (1st Cir. 1982) (complaint must set forth more than conclusory allegations).

WHEREFORE, for the foregoing reasons, as more fully set forth in the Defendant's Memorandum of Law, filed herewith, the Defendant moves that this Court dismiss Counts I, II and IV of the Plaintiff's Complaint.

        Respectfully submitted,

        PARTNERS HEALTHCARE SYSTEM, INC.,

        By its Attorneys,

        PRINCE, LOBEL, GLOVSKY & TYE LLP

        By    */s/ Jeffrey A. Dretler*
           Jeffrey A. Dretler, BBO# 558953
           585 Commercial Street
           Boston, MA  02109
           (617) 456-8000

<u>CERTIFICATE OF SERVICE</u>

   I, Jeffrey A. Dretler, attorney for the Defendant in the above-captioned matter, hereby certify that on this 21st day of July, 2005, I served the within document upon all parties of record by delivering, via first class mail, postage pre-paid, a copy thereof to: Paul K. Baker, Esq., Baker & Abraham, P.C., 30 Rowes Wharf, Boston, MA 02110.

            */s/ Jeffrey A. Dretler*
            _____
            Jeffrey A. Dretler