UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JANET LAKEMAN,

    Plaintiff,

v.

PARTNERS HEALTHCARE
SYSTEM, INC.,

    Defendant.

CA:  05-11496 RCL

## DEFENDANT'S RENEWED MOTION TO DISMISS COUNTS I, II AND IV OF THE COMPLAINT[1]

The Defendant, Partners Healthcare System, Inc. ("Defendant" or "Partners"), hereby moves, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss Counts I, II and IV of the Plaintiff's Complaint.[2]  As grounds therefore, the Defendant relates as follows.

Counts I and II of the Complaint allege common law causes of action for wrongful discharge based upon alleged violations of the workers compensation statute, Mass. Gen. Laws c. 152,§ 75B and the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq*.  These common law causes of action are barred due to the availability of state and federal statutory remedies for the alleged violations.  See Magerer v. Sexton & Co., 727 F. Supp. 744 (D. Mass. 1990) (dismissing common law claim for wrongful discharge in retaliation for exercise of rights

---

[1]  The Defendant filed its original Motion to Dismiss on July 21, 2005.  By Order dated August 4, 2004, this Court dismissed the motion without prejudice for failure to contain a Local Rule 7.1 Certification.  The Defendant has cured this inadvertent omission, as indicated by the Rule 7.1 Certificate included within this renewed motion.

[2] The Complaint alleges six causes of action against the Defendant, *viz*.: Wrongful Termination/ Violation of G.L. c. 152, § 75B (Count I); Wrongful Termination/Retaliation for Exercise of Legally Enforceable Rights (Counts II and III); Violation of Massachusetts Civil Rights Act, G.L. c. 12, § 11I (Count IV); Deceit/Fraud (Count V); and Negligent Misrepresentation (Count VI).

under under the workers compensation statute), aff'd, 912 F.2d 525 (1st Cir. 1990); Desrochers v. Hilton Hotels Corp., 28 F. Supp. 2d 693, 695 (D. Mass. 1998) ("the comprehensive detailed enforcement provisions of FMLA show Congress' intention that the specific remedies set forth in Section 2617 of the FMLA are the exclusive remedies for the violation of the FMLA").

Count IV of the Complaint alleges a violation of the Massachusetts Civil Rights Act ("MCRA"), Mass. Gen. Laws c. 12, § 11I. The Plaintiff's claim is barred under this statute to the extent that that it is based upon an alleged violation of FMLA, which provides the exclusive remedy for such violations. See Desrochers, 28 F. Supp. 2d at 695 ("plaintiffs are not entitled to bypass Congress' exclusive remedial scheme for enforcement of their FMLA rights by brining a state MCRA cause of action"). Count IV is further deficient as it fails to set forth sufficient facts to support its conclusory allegation of "coercion," a necessary element of a MCRA claim. See Deas v. Dempsey, 403 Mass. 468, 470 (1988) (Legislature did not intend to create a vast constitutional tort, and thus it limited recovery to those instances where the deprivation occurred by the defendant's threats, intimidation or coercion); Dewey v. University of New Hampshire, 694 F.2d 1, 3 (1st Cir. 1982) (complaint must set forth more than conclusory allegations).

WHEREFORE, for the foregoing reasons, as more fully set forth in the Defendant's Memorandum of Law, filed herewith, the Defendant moves that this Court dismiss Counts I, II and IV of the Plaintiff's Complaint.

Respectfully submitted,

PARTNERS HEALTHCARE SYSTEM, INC.,

By its Attorneys,

PRINCE, LOBEL, GLOVSKY & TYE LLP

By ___*/s/ Jeffrey A. Dretler*
    Jeffrey A. Dretler, BBO# 558953
    585 Commercial Street
    Boston, MA  02109
    (617) 456-8000

## LOCAL RULE 7.1 CERTIFICATION

I, Jeffrey A. Dretler, attorney for the Defendant in the above-captioned matter, hereby certify that I have conferred with counsel for the Plaintiff in the above-captioned action and have attempted in good faith to resolve or narrow the issues presented in this motion.

*/s/ Jeffrey A. Dretler*
_____
Jeffrey A. Dretler

## CERTIFICATE OF SERVICE

I, Jeffrey A. Dretler, attorney for the Defendant in the above-captioned matter, hereby certify that on this 5th day of August, 2005, I served the within document upon all parties of record by delivering, via first class mail, postage pre-paid, a copy thereof to: Paul K. Baker, Esq., Baker & Abraham, P.C., 30 Rowes Wharf, Boston, MA  02110.

*/s/ Jeffrey A. Dretler*
_____
Jeffrey A. Dretler