UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JANET LAKEMAN,<br><br>    Plaintiff,<br><br>v.<br><br>PARTNERS HEALTHCARE<br>SYSTEM, INC.,<br><br>    Defendant. | CA:  05-11496 WGY |

### DEFENDANT'S PARTIAL OPPOSITION TO PLAINTIFF'S MOTION TO AMEND THE COMPLAINT

The Defendant, Partners Healthcare System, Inc. ("Defendant" or "Partners"), submits the instant memorandum of law in partial opposition to the Plaintiff's, Janet Lakeman ("Plaintiff" or "Lakeman") Motion to Amend the Complaint.  As explained below, the Defendant does not object to Counts I and II of the Plaintiff's proposed Amended Complaint, but opposes Plaintiff's Motion to Amend Count IV (Massachusetts Civil Rights Act) on grounds that to permit the amendment would be futile where Count IV of the proposed Amended Complaint (like Count IV of the Complaint) fails to state a cause of action for which relief can be granted.[1]

ARGUMENT

1.    Defendant Does Not Oppose Plaintiff's Motion To Amend Counts I And II Of  The Complaint.

Count I of the Complaint asserts a state common law cause of action for wrongful termination in violation of public policy, on grounds that the Defendant retaliated against the

---

[1] The Defendant did not move to dismiss Counts III, V or VI of the Complaint, and does not oppose their inclusion in the proposed Amended Complaint.

1

Plaintiff for asserting her rights under the Massachusetts Workers Compensation Act, Mass. Gen. Laws c. 152, § 75B.  In its Motion to Dismiss, the Defendant argued that no common law cause of action could lie for such a claim, as the statute provided the exclusive remedy.  Defendant's Memorandum in Support of Its Motion to Dismiss, pp. 2-3, filed with the Court on July 21, 2005 ("Defendant's Memorandum").  In response to this argument, the Plaintiff's proposed Amended Complaint clarifies that Count I is a statutory cause of action under Mass. Gen. Laws c. 152, § 75B, not a common law cause of action.  The Defendant requests that this Court dismiss Count I of the original Complaint (for the reasons stated in its Motion to Dismiss) but does not oppose Plaintiff's motion for leave to file this amended Count I.

Count II of the Complaint asserts a state common law cause of action for wrongful termination in violation of public policy, on grounds that the Defendant retaliated against the Plaintiff for asserting her rights under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq*.  The Defendant moved to dismiss Count II on grounds that the FMLA, 29 U.S.C. §§ 2615 and 2617, provided the exclusive remedy.  Defendant's Memorandum, pp. 2-3.  In response to this argument, the Plaintiff's proposed Amended Complaint has withdrawn the state common law cause of action for wrongful discharge and replaced it with a federal statutory claim for retaliation under the FMLA.  The Defendant requests that this Court dismiss Count II of the original Complaint (for the reasons stated in its Motion to Dismiss) but does not oppose Plaintiff's motion for leave to file this amended Count II.

    2.    <u>Defendant Opposes Plaintiff's Motion To Amend Count IV Of The Complaint As The Proposed Amended Count IV Fails To State A Claim And Amendment Is Futile.</u>

Count IV of the Complaint asserts a state statutory cause of action for violation of the Massachusetts Civil Rights Act ("MCRA"), Mass. Gen. Laws c. 12, § 11I.  The Defendant moved to dismiss Count IV on grounds that the Complaint fails to allege any facts to support its

conclusory allegation that the Defendant "coerced" the Plaintiff, an essential element of a MCRA claim.[2] Defendant's Memorandum, pp. 4-6 (citing Mass. Gen. Laws c. 12, §§ 11H and 11I). The proposed Amended Complaint does not cure this deficiency. In fact, rather than add factual allegations that would support a claim for coercion, the Plaintiff has eliminated any allegation of coercion. See Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Dismiss ("Plaintiff's Memorandum"), filed August 19, 2005, p.2 ("as reflected in Plaintiff [sic] proposed Amended Complaint, Plaintiff has withdrawn her argument relative to 'coercion'"); see also Proposed Amended Complaint, Count IV.

In order to state a MCRA claim, a plaintiff must allege that the defendant interfered with the plaintiff's protected rights by the use of "threats, intimidation or coercion." See Mass. Gen. Laws c. 12, §§ 11H and 11I; Deas v. Dempsey, 403 Mass. 468, 470 (1988) (Legislature did not intend to create a vast constitutional tort, and thus it limited recovery to those instances where the deprivation occurred by the defendant's threats, intimidation or coercion). Count IV of the Plaintiff's proposed Amended Complaint does not allege threats, intimidation or coercion, and fails to state a claim for violation of MCRA. See Defendant's Memorandum at pp. 4-6. It is well settled that a motion to amend the complaint should be denied where the amendment "would be futile." Steir v. Girl Scouts of the USA, 383 F.3d 7, 12 (1st Cir. 2004). Here, where Plaintiff's proposed amendment to Count IV does not cure the deficiency in Count IV of the Complaint, Count IV of the original Complaint should be dismissed (for the reasons stated in Defendant's Motion to Dismiss) and Plaintiff's Motion for Leave to file an Amended Count IV should be denied as futile.

---

[2] The Defendant also argued that Count IV could not be grounded on a violation of the FMLA as that statute provides the exclusive remedy. Defendant's Memorandum, p. 3. In response, the proposed Amended Complaint has eliminated any allegation of a MCRA violation based upon the Plaintiff's exercise of her rights under the FMLA, and has based it solely on the exercise of her rights under HIPAA.

CONCLUSION

For all the foregoing reasons, the Plaintiff's Motion to Amend the Complaint should be DENIED with respect to Count IV.

Respectfully submitted,

PARTNERS HEALTHCARE SYSTEM, INC.,

By its Attorneys,

PRINCE, LOBEL, GLOVSKY & TYE LLP

By   /s/ Jeffrey A. Dretler
   Jeffrey A. Dretler, BBO# 558953
   585 Commercial Street
   Boston, MA  02109
   (617) 456-8000

CERTIFICATE OF SERVICE

I, Jeffrey A. Dretler, attorney for the Defendant in the above-captioned matter, hereby certify that on this 31st day of August, 2005, I served the within document upon all parties of record by delivering, via first class mail, postage pre-paid, a copy thereof to: Paul K. Baker, Esq., Baker & Abraham, P.C., 30 Rowes Wharf, Boston, MA  02110.

 /s/ Jeffrey A. Dretler
Jeffrey A. Dretler