UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JANET LAKEMAN,<br>    Plaintiff<br>v.<br><br>PARTNERS HEALTHCARE SYSTEM, INC.,<br>    Defendant | C.A. No. 05-11496 WGY |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HER OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

Now comes the Plaintiff, Janet Lakeman and, in support of her Opposition to the Defendant's Motion to Dismiss, submits the within Memorandum of Law:

I. Introduction:

Plaintiff Janet Lakeman (hereinafter "Lakeman") alleges, in the underlying Complaint, that she was terminated by her former employer, Defendant Partners Healthcare System, Inc. (hereinafter "Partners"), and that this termination was retaliatory and violative of:

    a.    M.G.L. c. 152, §§75B -- the Massachusetts workers' compensation statute (Count I of the Plaintiff's Complaint);

    b.    the Family Medical Leave Act ("FMLA"), 29 U.S.C. 28 (Count II of the Plaintiff's Complaint);

    c.    M.G.L. c. 12, §11 I – the Massachusetts Civil Rights Act (Count IV of the Plaintiff's Complaint).

Partners contends, in it's Motion to Dismiss Count I, II and IV of the Plaintiff's Complaint, that Counts I & II are barred due to the availability of state and federal statutory remedies, and Count IV is barred due to the availability of civil remedies pursuant to FMLA and the failure to allege "coercion" by Partners.

Plaintiff has served the Defendant with a Motion to Amend (appended hereto as Exhibit 1) and proposed Amended Complaint (appended hereto as Exhibit 2) wherein the Plaintiff clarifies that Counts I & II of her complaint are statutorily based (specifically alleging violation of the statutes in question) and do not sound in common law. Further, as reflected in Plaintiff proposed Amended Complaint, Plaintiff has withdrawn her argument relative to "coercion" and has limited the allegation pertaining to the Massachusetts Civil Right Act to retaliation for the exercise of right under Health Insurance Portability and Accountability Act ("HIPAA"). To the extent that the proposed amendments to the Plaintiff's Complaint are allowed, Plaintiff stipulates to the dismissal of Counts I, II & IV, as they are pleaded in the original complaint.

II.   Argument.

    a.   Plaintiff's Proposed Amended Complaint Clearly States That Counts I & II Are Statutorily Based, Pursuant to M.G.L. c. 152, §§75B and 29 U.S.C. 2601.

Plaintiff does not dispute that G.L. c. 152, §§75B (Massachusetts' Workers' Compensation Statute) and 29 U.S.C. 2601 (Family Medical Leave Act) provide statutory remedies for the action alleged by the Plaintiff. Plaintiff has served the Defendant with a Motion to Amend (appended hereto as Exhibit 1) and proposed Amended Complaint (appended hereto as Exhibit 2) wherein Plaintiff seeks only to avail herself of those statutory remedies. Therefore, Plaintiff does not oppose the dismissal of these counts, as presently constituted. However, Plaintiff respectfully requests that any order allowing the Defendant's Motion to Dismiss relative to these counts not contain language that would serve to preclude Plaintiff from asserting these statutory claims as pleaded in the attached proposed amended Complaint.

    b.   Plaintiff Assents to the Limited Dismissal of Count IV.

Plaintiff's proposed Amended Complaint withdraws her argument relative to "coercion" and has limited the allegation pertaining to the Massachusetts Civil Right Act ("MCRA") to retaliation for the exercise of right under Health Insurance Portability and Accountability Act ("HIPAA"). To the extent that the dismissal of this Count is limited to the allegation of coercion, Plaintiff does not oppose dismissal.

WHEREFORE, Plaintiff respectfully assent to the limited dismissal of Counts I & II of the Plaintiff's original Complaint, conditioned upon the allowance of her Motion to Amend these counts in a manner that more clearly reflects that all allegations contained therein are statutorily based. Further, Plaintiff assents to the limited dismissal of Count IV, said dismissal pertaining exclusively to allegations of coercion.

The Plaintiff, By Her Attorney,

Paul K. Baker, BBO # 631221
BAKER & ABRAHAM, P.C.
30 Rowes Wharf
Boston, MA 02110
(617) 330-1330