UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

_____
                                                              )
JANET LAKEMAN,                            )
     Plaintiff                                 )
v.                                               )     C.A. No. 05-11496 RCL
                                            )
PARTNERS HEALTHCARE SYSTEM, INC.,   )
     Defendant                                )
_____)

**PLAINTIFF'S INITIAL DISCLOSURE
PURSUANT TO RULE 26 (a)(1)**

The Plaintiff submits this disclosure statement pursuant to Fed.R.Civ.P.26(a)(1). This disclosure is based upon information currently available; the Plaintiff reserves the right to supplement.

A.     Pursuant to Fed.R.Civ.P.26(a)(1)(A), the Plaintiff hereby states that the following individuals are likely to have discoverable information relevant to disputed facts alleged in the pleadings:

    1.  Janet Lakeman, 92 Dunstable Street, Charlestown, MA  02127, 617-242-9122.  This individual, the Plaintiff, is expected to have information about the all the underlying allegations of the Plaintiff's complaint.

    2.  Daniel Lakeman, 92 Dunstable Street, Charlestown, MA  02127, 617-242-9122.  This individual, the husband of the Plaintiff, is expected to have information about his medical problems, and the reason the same caused the Plaintiff took leave under the Family Medical Leave Act.

    3.  Daniel Lakeman, 92 Dunstable Street, Charlestown, MA  02127, 617-242-9122.  This individual, the son of the Plaintiff, is expected to have information

about his medical problems, and the reason the same caused the Plaintiff took leave under the Family Medical Leave Act.

4.   George H. Theodore, M.D., Massachusetts General Hospital, 15 Parkman Street, Boston, MA  02114, (617) 724-9338.  This individual, treating physician of the Plaintiff, is expected to have information about the Plaintiff's workplace injury, including diagnosis, causation, and period and nature of disability.

5.   Susan Loomis, address and telephone number currently unknown.  This individual, Director of Human Resources for the Defendant, is expected to have information about the Plaintiff's request for worker's compensation, her verbal reversal of the Defendant's objection to the Plaintiff's worker's compensation benefits, her instruction to the Plaintiff to take leave and "go on worker's compensation" to convalesce, and her acknowledgement of the non-medical documentation contained in the Plaintiff's medical records.

6.   Peggy Carolyn, address and telephone number currently unknown.  This individual, a supervisor of the Plaintiff, is expected to have information about the history of the Plaintiff's requests for leave under the Family Medical Leave Act, the Plaintiff's history of worker's compensation leave and benefits, the circumstances under which the Plaintiff was terminated, the circumstances under which the decision to terminate the Plaintiff was made, the reasons non-medical documentation was found in the Plaintiff's medical records, and the circumstances surrounding an audit of the Defendant by the Department of Labor.

7.   John Davia, address and telephone number currently unknown.  This individual, a supervisor of the Plaintiff, is expected to have information about the

      history of the Plaintiff's requests for leave under the Family Medical Leave Act, the Plaintiff's history of worker's compensation leave and benefits, the circumstances under which the Plaintiff was terminated, the circumstances under which the decision to terminate the Plaintiff was made, the reasons non-medical documentation was found in the Plaintiff's medical records, and the circumstances surrounding an audit of the Defendant by the Department of Labor.

      8.   Colleen Moran, address and telephone number currently unknown. This individual, a former Human Resources representative of the Defendant, is expected to have information about

      9.   Isabella Della'Iocomo, address and telephone number currently unknown. This individual, a former employee of the Defendant, is expected to have information about similar persecution she endured in reprisal for applying for leave with the Defendant under the Family Medical Leave Act.

      10. Janet Greenleaf, address and telephone number currently unknown. This individual, a former employee of the Defendant, is expected to have information about similar persecution she endured in reprisal for applying for leave with the Defendant under the Family Medical Leave Act.

      11. Dr. Michael Garrity, address unknown. This individual, a medical doctor who worked closely with the Plaintiff, is expected to have information about the work performance, work ethic and attendance of the Plaintiff.

B.    Pursuant to Fed.R.Civ.P.26(a)(1)(B), the Plaintiff hereby identifies, by category, the following documents that are in the Plaintiff's custody or control which may be relevant to disputed facts alleged with particularity in the pleadings. In identifying the

following documents, the Plaintiff does not waive and hereby reserves the right to object to the production of documents which are subject to the attorney/client privilege and/or the work-product doctrine:

1. the Plaintiff's personnel file;

2. the Defendant's personnel work schedules;

3. medical documentation regarding the Plaintiff's disability and treatment, including medical records and worker's compensation documents;

4. documents outlining the Plaintiff's benefits with the Defendant;

5. documents outlining the Plaintiff's benefits with her current employer;

6. the Plaintiff's tax returns for the years 2000-2004.

C. Pursuant to Fed.R.Civ.P.26(a)(1)(C), the Plaintiff hereby computes the Plaintiff's damages as follows:

1. Lost Wages claimed for 2004 and 2005: $25,724.40 (based on income tax returns and wages at time of termination);

2. Lost Employer Contributions to Retirement Accounts (claimed but unknown at this time);

3. Emotional Distress Damages (claimed but not ascertainable by computation at this time);

4. Punitive Damages pursuant to M.G.L. c. 151B (claimed but not ascertainable by computation at this time); and

5. Attorney's Fees and Costs pursuant to M.G.L. c. 151B ((claimed but not ascertainable by computation at this time).

D.      Pursuant to Fed.R.Civ.P.26(a)(1)(D), the Plaintiff states that there is no insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.

                                                Respectfully submitted,

                                                JANET LAKEMAN,
By her attorneys,

/s/ David W. Krumsiek
David W. Krumsiek (BBO # 564564)
Preti Flaherty
10 High Street, 5th Floor
Boston, MA 02110
(617) 226-3800

Dated: February 10, 2006