## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

**JANET LAKEMAN,**

**Plaintiff,**

**v.**

**PARTNERS HEALTHCARE SYSTEM, INC.,**

**Defendant.**

**C.A. No. 05-11496-WGY**

## <u>DEFENDANT'S INITIAL DISCLOSURES</u>

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure and Rule 26.2(A) of the Local Rules of the United States District Court for the District of Massachusetts, the Defendant, Partners Healthcare System, Inc. ("Defendant" or "Hospital"), hereby makes the following disclosures. Defendant reserves the right to supplement these disclosures should additional information become available, or should additional disclosures become necessary.

**(A)    <u>Individuals Likely to Have Discoverable Information</u>**

1. Janet Lakeman
   92 Dunstable Street
   Charlestown, MA  02127
   617-242-9122
   Subject(s): All allegations in the Complaint.

2. John Davia
   Manager, Workers' Compensation Division
   Partners Healthcare System, Inc.
   Contact through Defendant's counsel
   Subject(s): Plaintiff's claim for workers' compensation.

3.     Barbara Johnson
       Claims Manager, Workers' Compensation Division
       Partners Healthcare System, Inc.
       Contact through Defendant's counsel
       Subject(s): Plaintiff's claim for workers' compensation.

4.     Susan Gormley
       Employee Relations
       Partners Healthcare System, Inc.
       Contact through Defendant's counsel
       Subject(s): Plaintiff's personnel history.

5.     Susan Loomis, N.P.
       Director, Occupational Health Service
       Partners Healthcare System, Inc.
       Contact through Defendant's counsel
       Subject(s): Plaintiff's claim for workers' compensation; Plaintiff's request that
       certain information be removed from her medical file.

6.     Peggy Carolan
       Administrative Director
       MGH/Charlestown Healthcare Center
       Contact through Defendant's counsel
       Subject(s): Plaintiff's work history and performance; Plaintiff's request for and
       taking of FMLA and other leave; termination of Plaintiff's employment.

7.     Colleen Moran
       Assistant Director of Human Resources
       Spaulding Rehabilitation Hospital
       (formerly HR Generalist at MGH/Charlestown Healthcare Center)
       Contact through Defendant's counsel
       Subject(s): Plaintiff's work history and performance; Plaintiff's request for and
       taking of FMLA and other leave; termination of Plaintiff's employment.

8.     Michael Garrity, M.D.
       Associate Unit Chief, Adult Medicine
       MGH/Charlestown Healthcare Center
       Contact through Defendant's counsel
       Subject(s): Plaintiff's work history and performance; Plaintiff's request for and
       taking of FMLA and other leave; termination of Plaintiff's employment.

9.     Deborah Merowski
       Practice Manager, Adult Medicine
       MGH/Charlestown Healthcare Center
       Contact through Defendant's counsel
       Subject(s): Plaintiff's work history and performance; Plaintiff's request for and

taking of FMLA and other leave; termination of Plaintiff's employment.

10.     George Theodore, M.D.
        101 Merrimac Street
        Boston, MA 02114
        (617) 726-1344
        Subject(s): Plaintiff's medical diagnosis, treatment and prognosis, concerning the injury to the Plaintiff's Achilles tendon she alleges to have suffered on January 30, 2003.

**(B)     <u>Documents, Data Compilations and Tangible Things</u>**

The following categories of documents and tangible things that the Defendant

may use to support its claims or defenses are in the possession of the Plaintiff, and are

located either at the offices of Plaintiff's counsel, Prince, Lobel, Glovsky & Tye LLP,

585 Commercial Street, Boston, Massachusetts, or are in the possession, custody or

control of the Defendant and may be accessed by arrangement with Defendant's counsel.

1.     Plaintiff's personnel records, including but not limited to those documents defined
        by Mass. Gen. Laws c. 149, § 52C.

2.     Plaintiff's requests for, approval of, taking of and return to work following FMLA leave(s).

3.     Plaintiff's workers' compensation records.

4.     Plaintiff's medical records.

5.     Massachusetts General Hospital policies and procedures, including but not limited to those concerning FMLA, workers' compensation, leave of absence, attendance, disciplinary action or termination.

**(C)     <u>Damages</u>**

The Defendant has not asserted any counterclaims against the Plaintiff at this time; thus, it does not allege to have suffered any damages.  The Defendant reserves the right to supplement this response.

**(D)**    __Insurance__

The Defendant has an insurance policy with Controlled Risk Insurance Company (CRICO) that may be available to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment.

Respectfully submitted,

PARTNERS HEALTHCARE SYSTEM, INC.,

By its Attorneys,

PRINCE, LOBEL, GLOVSKY & TYE LLP

By      _/s/ Jeffrey A. Dretler_
     Jeffrey A. Dretler, BBO# 558953
     585 Commercial Street
     Boston, MA 02109
     (617) 456-8000

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on this 17th day of February, 2006.

  _/s/ Jeffrey A. Dretler_
Jeffrey A. Dretler